**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10158 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00526-DCB-DTF-2 |
| v. | |
| OSCAR LOPEZ-MAGALLON, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10159 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00960-DCB-DTF-1 |
| v. | |
| OSCAR LOPEZ-MAGALLON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 4, 2018
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BERZON and FRIEDLAND, Circuit Judges, and DOMINGUEZ,[**] District Judge.

Oscar Lopez-Magallon appeals from his conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the resulting revocation of his supervised release.[1]  He now challenges the voluntariness of a factual stipulation to the elements of the offense and a stipulation to the admission of a transcript memorializing a pre-trial interview with the Government, specifically challenging the admission of his own attorney's statements in the transcript.  Lopez-Magallon further challenges the Government's comments on and the inferences the district court drew from his post-*Miranda* silence.  The introduction of his attorney's statements violated Lopez-Magallon's rights under the Sixth Amendment's Confrontation Clause, and the use of Lopez-Magallon's post-*Miranda* silence violated his Fifth Amendment rights.  Because those errors cumulatively prejudiced Lopez-Magallon's duress defense, we reverse and remand to the district court for further proceedings.

---

[**]  The Honorable Daniel R. Dominguez, United States District Judge for the District of Puerto Rico, sitting by designation.

[1]  At the time of his arrest, Lopez was on supervised release in the District of Arizona for a 2014 federal conviction for possession with intent to distribute marijuana.

2

The admission of his attorney's testimonial statements against him without opportunity for cross-examination violated Lopez-Magallon's right to confrontation under the Sixth Amendment. *See Crawford v. Washington*, 541 U.S. 36 (2004). Lopez-Magallon's stipulation to the admission of the interview transcript did not waive his right to challenge the statements. Generally, stipulations must be knowingly and voluntarily made. *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). Lopez-Magallon did not knowingly and voluntarily stipulate to the introduction of his attorney's statements as evidence against him. Lopez-Magallon and his attorney were unaware that those statements would be introduced as evidence, and, in fact, the attorney's statements had never been translated for Lopez-Magallon, which further suggests that they were viewed as representational comments, not evidence.

In addition, the Government improperly invited adverse inferences from, and the district court improperly drew such adverse inferences from, Lopez-Magallon's post-*Miranda* silence. Despite the Government's attempts to distinguish it, we are bound by *Doyle v. Ohio*, 426 U.S. 610 (1976). In *Doyle*, the Court held that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." *Id.* at 618. Similarly, the Court in *Doyle* concluded that:

> [W]hen a person under arrest is informed, as Miranda requires, that he may remain silent, that anything he says may be used against

him, and that he may have an attorney if he wishes, it seems to [us] that it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony . . . .

*Id.* at 619 (internal quotation marks and citation omitted).

"In deciding whether the combined effect of multiple errors prejudiced a defendant we ask whether the errors stand in 'unique symmetry . . . , such that [they] amplify each other in relation to a key contested issue in the case.'" *United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017) (alterations in original) (quoting *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011)). We may also consider forfeited errors in deciding whether the cumulative effect of errors "rendered [the] trial fundamentally unfair." *Id.* at 839, 846. The attorney's statements and the Government's argument regarding Lopez-Magallon's post-arrest silence addressed when and how Lopez-Magallon first told his story of duress; the district court relied on both as key factors in its determination that Lopez-Magallon lacked credibility. Given that the case turned on whether the district court believed Lopez-Magallon's duress defense and that both these errors impacted that assessment, the conviction must be reversed and the case remanded for a new trial.

If Lopez-Magallon decides on remand to exercise his right to a jury trial, the case does not need to be reassigned to a different district court judge. But if

4

Lopez-Magallon decides to proceed again with a bench trial, we conclude that the case should be reassigned to a new district court judge, because we expect the original trial judge "would likely have substantial difficulty in putting out of his mind" his previous reliance on Lopez-Magallon's post-*Miranda* silence and his attorney's statements. *United States v. Hanna*, 49 F.3d 572, 578 (9th Cir. 1995).

**REVERSED**.[2]

---

[2] Consistent with the instant disposition, the revocation of Lopez-Magallon's supervised release is hereby **REVERSED**.